# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RITZEN GROUP, INC., | ) |
| Appellant, | ) |
| | ) Case No. 3:17-cv-00807 |
| vs. | ) |
| JACKSON MASONRY, LLC, | ) |
| Appellee. | ) |

## JOINT MOTION TO STAY EXECUTION
## AND ESTABLISH SUPERSEDEAS BOND

Appellant Ritzen Group, Inc. ("**Ritzen**") and appellee Jackson Masonry, LLC ("**Jackson Masonry**", and together with Ritzen the "**Parties**") hereby file this joint motion seeking an order permitting Ritzen to post an appellate bond in the amount of $277,070.69 (the "**Bond Amount**"), by way of a deposit in cash of the Bond Amount with this Court pursuant to Rule 68 of the Federal Rules of Civil Procedure. In support of this motion, the parties state as follows:

1. Ritzen has filed the above-captioned appeal of an order from the United States Bankruptcy Court for the Middle District of Tennessee (the "**Order on Appeal**").

2. Among other things, the Order on Appeal found Ritzen liable to Jackson Masonry in the total amount of $248,311.83.

3. The Bond Amount includes the $233,311.83 amount set forth above, plus (i) $29,250.00 in projected United States Quarterly Fees for the approximate 18-month appellate period, and (ii) $20,000.00 in projected amounts the Debtor will expend in attorney fees and costs to defend the appeal, but *less* (iii) $20,491.14 for amounts due and owing to Ritzen relating to an allowed claim in Jackson Masonry's bankruptcy case.

4. Jackson Masonry represents that it is not currently considering a sale of its real property located at 1200 49th Avenue, Nashville, Tennessee (the "**Property**"). Upon this Court's receipt of the Bond Amount, the Debtor agrees that it will not market or sell the Property unless, in the exercise of ordinary diligence and its business judgment, its continuing reorganization efforts require liquidation of the Property. In the event Jackson Masonry decides to market the Property for sale, or otherwise entertain offers to purchase the Property, Jackson Masonry shall immediately, but in no event later than five (5) days after such decision, notify counsel for Ritzen of such marketing or consideration of purchase offers. If Jackson Masonry seeks to move forward with a sale of the Property, and notwithstanding the entry of an order confirming its Plan of Reorganization (Bankruptcy Case ECF No. 388), Jackson Masonry shall seek approval from the Bankruptcy Court prior to marketing or otherwise seeking a sale of the Property. Ritzen reserves all right to object to Jackson Masonry's request to sell the Property. If the Bankruptcy Court permits the sale of the Property, then in the event of a successful appeal before this Court, Ritzen's claim for specific performance will be converted to a claim for money damages, or otherwise as ordered by this Court.

5. The parties agree that Jackson Masonry shall reserve the right to request an increase of the Bond Amount if (i) Jackson Masonry suffers additional damages not contemplated herein as a result of the continuation of this appeal, and (ii) such damages were not reasonably anticipated at the time of entry of the Order granting this Motion. Specifically, and without limitation, Jackson Masonry believes that the order confirming the Plan permits it to obtain bonds related to masonry projects. If Jackson Masonry, despite reasonable diligence, is unable to obtain bonds at a market rate, then it expressly reserves the right to request an increase to the Bond Amount. Ritzen reserves all rights to dispute and object to any request to increase the Bond Amount.

6. In consideration for Ritzen posting the Bond Amount with the Court, Jackson Masonry expressly waives any right to argue that this appeal is equitably moot. This waiver expressly includes and applies, but is not limited to, circumstances whereby Jackson Masonry commences payments pursuant to confirmation of the Plan, sells the Property in accordance with paragraph 8 of this Motion, or pursues any other administration of its bankruptcy estate.

7. Within ten (10) business days of entry of an Order granting this Motion, Ritzen shall deposit the Bond Amount with this Court.

8. Unless the parties expressly agree to the contrary, the failure of Ritzen to post the Bond Amount in accordance with paragraph 11 of this Motion shall result in a termination of the promises made herein by Jackson Masonry.

Wherefore, the parties hereby request the entry of an order substantially in the form of <u>Exhibit A</u> and for such other relief as this Court deems just and proper.

Dated: August 24, 2017.

Respectfully submitted,

/s/ Ned Hildebrand
Henry E. ("Ned") Hildebrand, IV
DUNHAM HILDEBRAND, PLLC
2510 Franklin Pike, Suite 210
Nashville, Tennessee 37204
615.933.5851
ned@dhnashville.com
*Attorneys for Jackson Masonry, LLC*

and

/s/ Shane G. Ramsey
Shane G. Ramsey
Nelson, Mullins, Riley & Scarbrough, LLP
150 Fourth Avenue North, Suite 1100
Nashville, Tennessee 37219
615.664.5355
shane.ramsey@nelsonmullins.com
*Attorneys for Ritzen Group, Inc.*

# CERTIFICATE OF SERVICE

   I certify that on August 14, 2017, the foregoing document was served upon all counsel of record for the parties at interest in this cause by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope; or by email; or electronically through ECF; or by facsimile; or by hand delivering same to each attorney of record as follows:

All counsel and parties of records via ECF

By Mail to:

**U.S. Trustee**
318 Customs House
701 Broadway
Nashville, TN 37203

**Shane G. Ramsey**
Nelson, Mullins, Riley & Scarbrough, LLP
150 Fourth Avenue North, Suite 1100
Nashville, Tennessee 37219

                    */s/ Ned Hildebrand*
                    Henry E. ("Ned") Hildebrand, IV

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **RITZEN GROUP, INC.,** | ) |
|     **Appellant,** | ) |
| | )   **Case No. 3:17-cv-00807** |
| **vs.** | ) |
| | ) |
| **JACKSON MASONRY, LLC,** | ) |
|     **Appellee.** | ) |

## AGREED ORDER GRANTING JOINT MOTION TO STAY EXECUTION AND ESTABLISH SUPERSEDEAS BOND

This matter is before the Court on the joint motion (the "**Motion**") of appellant Ritzen Group, Inc. ("**Ritzen**") and appellee Jackson Masonry, LLC ("**Jackson Masonry**") seeking entry of an order permitting Ritzen to post an appellate bond in the amount of $277,070.69 (the "**Bond Amount**") by way of cash deposit with this Court pursuant to Rule 68 of the Federal Rules of Civil Procedure. Upon review of the Motion, and the Court finding that the relief requested therein is appropriate, it is hereby ORDERED that:

1. The Motion is GRANTED;

2. Ritzen shall post an appellate bond with the Court in the Bond Amount of $277,070.69 within ten (10) days of the entry of this order;

3. Jackson Masonry represents that it is not currently considering a sale of its real property located at 1200 49th Avenue, Nashville, Tennessee (the "**Property**"). Jackson Masonry shall not market or sell the Property unless, in the exercise of ordinary diligence and its business judgment, its continuing reorganization efforts require liquidation of the Property.

4. In the event that Jackson Masonry decides to market the Property for sale, or otherwise entertain offers to purchase the Property, Jackson Masonry shall immediately, but in no event later than five (5) days after such decision, notify counsel for Ritzen of such marketing or consideration of purchase offers. If Jackson Masonry seeks to move forward with a sale of the Property, and notwithstanding the entry of an order confirming its Plan of Reorganization (Bankruptcy Case ECF No. 388), Jackson Masonry shall seek approval from the Bankruptcy Court prior to consummating a sale of the Property. If the Bankruptcy Court permits the sale of the Property, then in the event of a successful appeal before this Court, Ritzen's claim for specific performance will be converted to a claim for money damages, or otherwise as ordered by this Court.

5. Jackson Masonry shall retain the right to request an increase of the Bond Amount if (i) Jackson Masonry suffers additional damages not contemplated herein as a result of the continuation of this appeal, and (ii) such damages were not reasonably anticipated at the time of entry of this order. Specifically, and without limitation, Jackson Masonry believes that the order confirming the Plan permits it to obtain bonds related to masonry projects. If Jackson Masonry, despite reasonable diligence, is unable to obtain bonds at a market rate, then it expressly reserves the right to request an increase to the Bond Amount. Ritzen shall retain all rights to dispute and object to any request to increase the Bond Amount.

6. In consideration for Ritzen posting the Bond Amount with the Court, Jackson Masonry expressly waives any right to argue that Ritzen's appeal is equitably moot. This waiver expressly includes and applies, but is not limited to, circumstances whereby Jackson Masonry commences payments pursuant to confirmation of the Plan, sells the Property in accordance with paragraph 4 of this order, or pursues any other administration of its bankruptcy estate. The posting

of the Bond Amount does not, however, stay or otherwise prevent Jackson Masonry from challenging the validity of that certain lien *lis pendens* recorded by Ritzen against the Property with the Davidson County Register of Deeds as Instrument No. 20141229-0118322.

7. If Ritzen fails to post the Bond Amount within ten (10) days of the entry of this order, the promises made by Jackson Masonry herein shall be void.

IT IS SO ORDERED.

Approved for Entry:

*/s/ Shane G. Ramsey*
Shane G. Ramsey (BPR # 35528)
James A. Haltom (BPR #28495)
John T. Baxter (BPR # 35405)
150 Fourth Avenue, North, Suite 1100
Nashville, TN 37219
Phone: (615) 664-5355
E-Mail: shane.ramsey@nelsonmullins.com
john.baxter@nelsonmullins.com
*Attorneys for Appellant Ritzen Group, Inc.*

*/s/ Henry E. Hildebrand* (with permission)
Griffin S. Dunham, Esq.
Henry E. ("Ned") Hildebrand, IV
Dunham Hildebrand, PLLC
2510 Franklin Pike, Suite 210
Nashville, Tennessee 37204
615.933.5850
griffin@dhnashville.com
*Counsel for Appellee Jackson Masonry, LLC*