## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **RITZEN GROUP, INC.,** | ) | |
| | ) | |
| **Appellant,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:17-cv-00807** |
| | ) | **Judge Aleta A. Trauger** |
| **JACKSON MASONRY, LLC,** | ) | |
| | ) | |
| **Appellee.** | ) | |

## MEMORANDUM and ORDER

Before the court are (1) appellee Jackson Masonry, LLC's Motion for Disbursement of Supersedeas Bond Funds to Appellee and Setting Case Management Conference for Hearing on Bond Damages Owed to Appellee ("Motion for Disbursement") (Doc. No. 29) and (2) appellant Ritzen Group, Inc.'s Motion for Stay Pursuant to Currently-Posted Supersedeas Bond Funds ("Motion to Stay") (Doc. No. 31). Both motions have been exhaustively briefed and are ripe for review. For the reasons set forth herein, the court will deny the Motion for Disbursement and grant the Motion to Stay.

## I.    Factual and Procedural History

In May 2017, appellant Ritzen Group, Inc. ("Ritzen") appealed to this court from an order entered by the United States Bankruptcy Court for the Middle District of Tennessee (the "Bankruptcy Court") in the Chapter 11 case filed by Jackson Masonry, LLC ("Jackson"), Case No. 3:16-bk-02065, resolving two consolidated adversary proceedings (the "Property Dispute") between Ritzen and Jackson. More specifically, the Bankruptcy Court, after conducting a trial on the matter, entered a final judgment disallowing Ritzen's claim, ruling that Ritzen had materially

breached the terms of a contract between Ritzen and Jackson for the purchase of a piece of real estate (the "Property") owned by Jackson for $1.55 million, and awarding damages to Jackson in the amount of $248,311.83, plus additional costs and expenses. (B'cy Doc. Nos. 375, 413, 423.[1])

While briefing on the appeal in this court was proceeding, the parties filed a Joint Motion to Stay Execution and Establish Supersedeas Bond. (Doc. No. 15.) The Joint Motion proposed that Ritzen post a bond in the amount of $277,070.69, which reflected the amount of damages awarded by the Bankruptcy Court in the Property Dispute, plus $29,250 "in projected United States Quarterly Fees for the approximate 18-month appellate period" and an additional "$20,000 in projected amounts the Debtor will expend in attorney fees and costs to defend the appeal," but minus "$20,491.14 for amounts due and owing to Ritzen related to an allowed claim in Jackson Masonry's bankruptcy case." (Doc. No. 15, at 1.) The parties also agreed that Jackson maintained the right to request an increase of the Bond Amount under certain circumstances. (*Id.* at 2.) The court granted the Joint Motion by entering the parties' Agreed Order Granting Joint Motion to Stay Execution and Establish Supersedeas Bond ("Agreed Bond Order") (Doc. No. 16), and Ritzen deposited the sum of $277,070.69 with the court.

On January 25, 2018, the court issued a Memorandum and Order (Doc. Nos. 24, 25) affirming the Bankruptcy Court's disposition of the Property Dispute in all respects.[2] Ritzen filed its Notice of Appeal to the Sixth Circuit Court of Appeals on February 8, 2018. (Doc. No. 27.)

---

[1] Documents filed in Case No. 3:16-bk-02065 will be referred to herein by their docket number in that case, denoted as "B'cy Doc. No. ___." Documents filed in this court are referred to simply by docket number in this case (e.g., "Doc. No. ___").

[2] The court specifically held that the Bankruptcy Court did not err in (1) its construction of the parties' purchase contract as requiring Jackson to provide adequate documents only at the time of closing rather than at some earlier time, based on the unambiguous language of the contract; (2) finding that Ritzen failed to establish that Jackson breached a duty of good faith and fair dealing; or (3) concluding that Ritzen materially breached the purchase agreement by failing to secure financing and was unable to tender the purchase price on the closing date.

On February 26, 2018, Jackson filed its Motion for Disbursement and supporting Memorandum (Doc. Nos. 29, 30), in which it argues that, under Rule 8025 of the Federal Rules of Bankruptcy Procedure, any order or final judgment in the district court that affirms a decision of the bankruptcy court on an appeal is automatically stayed for fourteen days after its entry, but that an appellant who wishes to extend the stay of execution of such a judgment beyond that fourteen days must file a motion for such a stay within the fourteen-day window and *before* filing its notice of appeal. Otherwise, Jackson contends, the district court loses jurisdiction to consider a motion to extend a stay of execution. (Doc. No. 30, at 2–3 (citing *In re AWC Liquidation Corp.*, 292 B.R. 239, 241–42 (D. Del. 2003)).) Because more than fourteen days had passed since entry of this court's Judgment by the time Jackson filed its Motion for Disbursement, and Ritzen filed its Notice of Appeal without seeking to extend the stay, according to Jackson, "this Court cannot consider any further stay." (*Id.* at 3.) Jackson therefore requests an order compelling the immediate disbursement of $248,311.83[3] and setting a briefing schedule and hearing on the question of what additional damages Jackson may be entitled to recover. (*Id.*)

Ritzen responded to the Motion for Disbursement by contesting Jackson's interpretation of Rule 8025 and by filing a Motion to Stay. (Doc. No. 31.) It argues that the case cited by Jackson, *AWC Liquidation*, is an anomaly and that a majority of courts that have considered the question have held that a district court retains jurisdiction to consider a motion to stay even after the filing of a notice of appeal. (*Id.* at 4–5 (citing *In re Imperial Real Estate Corp.*, 234 B.R. 760

---

[3] This is the amount of damages awarded by the Bankruptcy Court, but it is unclear from the record why Ritzen would owe the full amount of the damages award, rather than that amount reduced by $15,000. The Agreed Order Granting Joint Motion Dispensing with Damages Hearing states that the $15,000 earnest money deposit previously paid by Ritzen and held in escrow by the escrow agent would be disbursed to Jackson upon entry of the Agreed Order, upon which the damages award would accordingly be reduced to $233,311.83. (Bankr. Doc. No. 413, at 1–2.) Jackson's demand for payment of the full $248,311.83 suggests that it did not actually receive the $15,000 deposited in escrow.

(9th Cir. B.A.P. 1999); *Vill. Green I, GP v. Fed. Nat'l Mortg. Ass'n*, No. 14-2351-STA-tmp, 2015 WL 73632 (W.D. Tenn. Jan. 6, 2015); *In re Lambert Oil Co.*, 375 B.R. 197 (W.D. Va. 2007)).) Ritzen further argues that the supersedeas bond already posted is sufficient security to protect Jackson's interests and that the court should extend the stay of execution under the terms set forth in the parties' Agreed Bond Order pending resolution of its appeal of the Property Dispute to the Sixth Circuit. (*Id.* at 5.)

In its Response to Ritzen's Motion to Stay, Jackson repeats its argument that the court lacks jurisdiction to consider the stay and further adds that, even if the court does consider the motion, Ritzen is not entitled to a stay of the monetary aspects of the judgment against it because the existing bond is "grossly insufficient." (Doc. No. 33, at 2.) It insists that the court should not grant a further stay of Jackson's right to collect the judgment unless Ritzen supplements the already posted bond by at least an additional $100,000. (*Id.* at 9–10.) It also argues that a stay of the non-monetary aspects of the judgment against Ritzen is unwarranted, because Ritzen has failed to establish any of the requisite factors for extending the stay. Thus, Jackson argues, the court should not extend the stay of Jackson's right to sell the Property or to close its bankruptcy case. (*Id.* at 10–11.)

With the court's permission, Ritzen filed a Reply in support of its Motion to Stay, which also constitutes a surreply to Jackson's Motion for Disbursement. (Doc. No. 37.) Ritzen contends that: (1) the negotiated Joint Motion and Agreed Bond Order, by their terms, contemplate a continued appeal and grant Jackson a limited right to seek an increase in the bond amount under certain circumstances; (2) Jackson's arguments regarding its entitlement to additional costs and attorney's fees associated with this dispute have been mooted in part by the Bankruptcy Court's recent ruling in favor of Ritzen on another adversary proceeding between the parties (the "*Lis*

*Pendens* Adversary Proceeding"), as a result of which Ritzen will be entitled to recover attorney's fees from Jackson, effectively offsetting any additional amount of fees to which Jackson believes it is entitled in connection with the appeal of the Property Dispute; (3) Jackson should not be able to recover attorney's fees associated with litigating the amount of the bond and the stay; and (4) the court should extend the stay under the terms set forth in the Agreed Bond Order.

## II.    Discussion

The first matter to be resolved is whether the court has jurisdiction to consider the Motion to Stay. As set forth below, the court concludes that it does have jurisdiction and, further, that extending the stay of execution under the terms of the Agreed Bond Order is appropriate.

### A.    Jurisdiction to Consider Ritzen's Motion to Stay

The United States District Court for the District of Delaware has held a number of times that a district court reviewing a bankruptcy court's final judgment loses jurisdiction to consider a motion to stay filed after the movant filed its notice of appeal. *In re AWC Liquidation Corp.*, 292 B.R. at 241 (concurring with "minority precedent," citing *In re One Westminister Co.*, 74 B.R. 37, 38 (D. Del. 1987)); *see also In re Peregrine Sys., Inc.*, 312 B.R. 755, 756 (D. Del. 2004). One court outside of Delaware has followed suit. *In re Netfax, Inc.*, 335 B.R. 85, 95 (D. Md. 2005). To this court's knowledge, every other court to consider the issue directly has reached the opposite conclusion. *See, e.g.*, *In re Miranne*, 852 F.2d 805, 806 (5th Cir. 1988) (per curiam) ("After reviewing the pertinent authorities in this area, we are persuaded that the district court retained jurisdiction to grant appellant's request for a stay despite the fact that a notice of appeal to this Court was filed prior to the request for a stay. Such a conclusion is consistent with the general principle that an application for a stay of the judgment or order of a district court should

ordinarily be made in the first instance in the district court." (citing Fed. R. Civ. P. 62, 8(a); 9 Moore's Federal Practice ¶ 208.05)); *In re Imperial Real Estate Corp.*, 234 B.R. at 762 (recognizing split of authority but holding that it could rule on a motion to stay despite the earlier filing of a notice of appeal, stating: "While Rule 8017(b) [now Rule 8025(b)] clearly contemplates that a stay may be requested before the notice of appeal to the court of appeals is filed, there is nothing in Rule 8017(b) that prohibits the issuance of a stay after the notice of appeal is filed. This conclusion is consistent with the practice under both Fed. R. Bankr. P. 8005 and Fed. R. App. P. 8(a)); *In re W.R. Grace & Co.*, No. 01-1139, 2008 WL 5978951, at *3 (D. Del. Oct. 28, 2008) ("After examining, the history and purpose of Rule 8017, this Court sides with the majority in concluding that jurisdiction is retained to hear [the movant's] Motion to Stay."); *In re Olick*, CIV. A. 96-784, 1996 WL 287344, at *1 (E.D. Pa. May 29, 1996) (following *In re Miranne* and "more recent district court decisions" to find that it had jurisdiction to consider post-appeal motion to stay); *In re KAR Dev. Assocs.*, 182 B.R. 870, 872 (D. Kan. 1995) (same); *In re Winslow*, 123 B.R. 647, 647–48 n.1 (D. Colo. 1991) (same); *see also Vill. Green I, GP*, 2015 WL 73632, at *2–4 (granting motion to stay filed after a notice of appeal, without discussion of the timing, citing Fed. R. Bankr. P. 8025); *In re Lambert Oil Co.*, 375 B.R. at 199 (same).[4]

In the absence of binding authority from the Sixth Circuit adopting either position, this court, following the majority, holds that it has jurisdiction to consider Ritzen's Motion to Stay, filed after its Notice of Appeal.

---

[4] Except for *Village Green*, each of the above-cited decisions applied Rule 8017 of the Federal Rules of Bankruptcy Procedure. That rule was supplanted by Rule 8025 on December 1, 2014, but the Advisory Committee Notes indicate that the differences between the two rules were intended to be stylistic, except for the addition of subsection (c), which has no application here.

**B.      What Standard Applies to the Motion to Stay**

Courts have recognized three types of stays that may be applied to an intermediate appeal: "one fully secured by a supersedeas bond, another that is unsecured and discretionary, and 'a third that combines features of the first two.'" *In re Horne*, No. No. 13-00258-CB-B, 2014 WL 2178159, at *1 (S.D. Ala. May 22, 2014) (quoting *In re Wymer*, 5 B.R. 802, 804 (9th Cir. BAP 1980)). The *Horne* court described the difference between the first and second types:

> A discretionary stay, which is part of the court's inherent power to preserve the status quo, is in the nature of a preliminary injunction. A party seeking . . . a stay of judgment that cannot be secured by a supersedeas bond must meet the criteria applicable to a motion for preliminary injunction [i.e., (1) a likelihood of success on the merits; (2) irreparable injury to the movant if the stay is not granted; (3) no substantial harm to the opposing party if a stay is granted; and (4) a stay would serve the public interest]. When a monetary judgment is fully secured by a supersedeas bond, the injunctive test is unnecessary because the status quo is maintained.

*Id.* The appeal at issue in *Horne* fell within the third category, because it involved "a partially-secured money judgment"—that is, the supersedeas bond was sufficient to secure the amount of the bankruptcy court's judgment, but not sufficient to secure the district court's judgment awarding attorney's fees. *Id.* at 2. The court nonetheless found that, because the attorney's fee award was adequately secured by a lien on the appellant's real property, "'good cause' for a stay pending appeal [was] satisfied by the supersedeas bond posted in the bankruptcy court and the judgment lien filed against Appellant's property." *Id.* It therefore granted the motion for stay of execution of the judgment and held that the supersedeas bond previously filed by the appellant would remain in the bankruptcy court during the pendency of the appeal.

Jackson argues, in essence, that the type of stay sought in this case falls in the third category identified by *Horne*, because it involves a judgment providing for monetary damages, which can be fully secured by a supersedeas bond, as well as non-monetary elements that cannot

be secured by a bond. As set forth above, it argues that the bond currently in place is insufficient to secure the monetary aspects of the judgment and that Ritzen cannot show that the relevant criteria support a stay of the non-monetary aspects of the judgment.

### 1. The Sufficiency of the Bond Amount

With respect to that portion of the judgment that is admittedly secured by an existing bond, Jackson insists that the bond is "grossly insufficient." (Doc. No. 33, at 2.) In particular, Jackson argues that the amount is "woefully inadequate" in light of the attorney's fees and costs incurred in litigating the appeal in this court, litigating the *Lis Pendens* Adversary Proceeding, and litigating the appeal now before the Sixth Circuit. Particularly with regard to the *Lis Pendens* Adversary Proceeding, Jackson posits that the parties already expended substantial sums on the trial of that matter in the Bankruptcy Court and anticipates that "it will be successful and that Ritzen will appeal that decision, leading to even higher legal expenses." It anticipates that it will be entitled to additional fees and costs in an amount not less than $100,000.

In response, Ritzen argues that (1) the Agreed Order itself specifically contemplated the possibility of a continued appeal and grants Jackson the right to request an increase of the bond in certain limited circumstances; (2) the *Lis Pendens* Adversary Proceeding has now been resolved by the Bankruptcy Court in Ritzen's favor, thus obviating Jackson's argument that it will be entitled to a substantial amount of additional fees relating to that controversy, which also means, according to Ritzen, that any additional fees it would owe to Jackson related to the appeal in this court and the continued appeal to the Sixth Circuit would be offset by the fees Jackson owes Ritzen in connection with the *Lis Pendens* Adversary Proceeding; and (3) the other costs Jackson contends justify increasing the bond were all either anticipated by the terms of the Agreed Order or are attributable to Jackson.

The court rejects Jackson's arguments. Based on the resolution of the *Lis Pendens* Adversary Proceeding in Ritzen's favor, it does not appear that the amount of additional attorney's fees that Ritzen may owe Jackson will be substantial, and it is also not clear that Jackson would be entitled to recover attorney's fees associated with litigating the extension of the stay. Moreover, the Agreed Bond Order contemplates that Jackson has the ability, under certain circumstances, to seek an increase in the bond amount. It has not followed the procedure articulated by the Agreed Order or affirmatively demonstrated, at this juncture, that those circumstances warrant an increase in the bond.

### 2. The Stay of Non-Monetary Relief

Jackson insists that the Bankruptcy Court's judgment resolving the Property Dispute, in addition to monetary damages, granted non-monetary relief insofar as it "quieted Jackson Masonry's title to the Property." (Doc. No. 33, at 8–9.) Jackson also claims that the Agreed Bond Order, besides staying execution of the monetary judgment, incorporated a stay of the non-monetary aspects of the judgment insofar as it "barr[ed] Jackson Masonry from (a) selling or marketing the Property, or (b) substantially consummating its confirmed plan of reorganization and rendering the appeal equitably moot." (*Id.* at 9.)

The court is not persuaded that the judgment at issue involved non-monetary relief. In resolving the Property Dispute, the Bankruptcy Court entered judgment in Jackson's favor on all claims set forth in Ritzen's breach of contract lawsuit and awarded monetary damages in accordance with an Agreed Order submitted by the parties. (B'cy Doc. Nos. 375, 413, 423.) In the Agreed Order Granting Joint Motion Dispensing with Damages Hearing and Granting Other Relief, the parties themselves agreed that Ritzen would be liable for additional attorney's fees associated with the appeal of the ruling on the Property Dispute, assuming its appeal was

unsuccessful, but that Jackson would need to apply to the Bankruptcy Court for approval of additional damages. Ritzen also waived the right to contest Jackson's March 1, 2017 Plan of Reorganization except under very limited circumstances. (B'cy Doc. No. 413 ¶ 4.)

In the Agreed Bond Order submitted to, and entered by, this court, the parties agreed to the amount of a supersedeas bond and also agreed, as relevant here, that (1) Jackson was not currently considering sale of the Property and would not market or sell the Property "unless, in the exercise of ordinary diligence and its business judgment, its continuing reorganization efforts require liquidation of the Property" (Doc. No. 16 ¶ 3); (2) Jackson would promptly notify counsel for Ritzen if it decided to sell or market the Property and would seek approval from the Bankruptcy Court prior to consummating any sale (*id.* ¶ 4); (3) if the Bankruptcy Court permits the sale, Jackson agreed that, in the event of a successful appeal by Ritzen, its claim for specific performance would be converted to a claim for money damages (*id.*); (4) in exchange for Ritzen's posting the bond amount, Jackson waived any right to argue that Ritzen's appeal is equitably moot, including in the event that Jackson commences payments pursuant to confirmation of the Plan, sells the Property in accordance with paragraph 4, "or pursues any other administration of its bankruptcy estate" (*id.* ¶ 6).

In other words, contrary to Jackson's representations, the Bankruptcy Court's orders say nothing about "quieting title," and the Agreed Bond Order does not absolutely bar Jackson from selling or marketing the Property or from substantially consummating its confirmed plan of reorganization. Moreover, it does not actually preclude Jackson from taking action that might render Ritzen's appeal equitably moot. Rather, Jackson agreed to waive the right to argue equitable mootness, in exchange for Ritzen's posting of the agreed-upon bond amount.

The court also finds that, under the terms of the Agreed Bond Order, Jackson effectively

conceded that, to the extent the judgment resolving the Property Dispute incorporated non-monetary aspects, Jackson was adequately protected by the terms of the Agreed Bond Order and the amount of the bond. The court therefore finds it unnecessary to apply the test for an injunction to Ritzen's request for a stay. Instead, the supersedeas bond submitted by Ritzen in accordance with the terms of the parties' agreement was intended to be, and apparently remains, adequate to secure Jackson's interests.

## III.     Order

For the reasons set forth herein, Jackson's Motion for Disbursement (Doc. No. 29) is **DENIED**, and Ritzen's Motion to Stay (Doc. No. 31) is **GRANTED**, but without prejudice to Jackson's ability to file a motion to increase the amount of the bond in accordance with the terms of the Agreed Bond Order. Otherwise, the terms of the stay set forth in the parties' Agreed Bond Order will remain in effect pending the resolution of Ritzen's appeal of the judgment in this case to the Sixth Circuit Court of Appeals.

It is so **ORDERED**.

ENTER this 14th day of May 2018.

_____
ALETA A. TRAUGER
United States District Judge